[Crim. No. 200.   Second Appellate District.—May 15, 1911.]

Ex parte FRANK McLAUGHLIN on Habeas Corpus.

CRIMINAL LAW—VAGRANCY—INSUFFICIENT AFFIDAVIT OF COMPLAINT.— An affidavit of complaint for the crime of vagrancy which merely charges that the defendant at a designated city "did then and there have no visible means of livelihood, and then and there did wander about the streets of said city at late or unusual hours of the night," fails to negative that he did not have a sufficient cause or reason to be on the streets late at night, and does not state a public offense.

ID.—CONSTRUCTION OF CODE AS TO "VAGRANT"—"MEANS OF LIVELIHOOD" NOT INVOLVED—WANT OF "VISIBLE OR LAWFUL BUSINESS"—REASON FOR ROAMING.—In the definition of a "vagrant" embodied in subdivision 6 of section 617 of the Penal Code, as "every person who wanders about the streets at late or unusual hours of the night without any visible or lawful business," the words "without any visible or lawful business" do not refer to or include the want of any avocation or means of livelihood, but refer to the want of any sufficient or lawful business, as a reason why such person is roaming the streets at a late hour of the night.

ID.—OFFENSE OF "VAGRANCY," WHEN COMPLETE.—The offense of "vagrancy" is complete under subdivision 6 of section 617 of the Penal Code, if without good or sufficient reason one roams at late or unusual hours of the night, and the person so charged is a "vagrant" without reference to his means of livelihood or avocation.

PETITION for discharge upon writ of *habeas corpus.*

The facts are stated in the opinion of the court.

S. Wyman Smith, and Wm. B. Ogden, for Petitioner.

THE COURT.—Petitioner was arrested, tried and convicted of the crime of vagrancy. The affidavit of complaint upon which the warrant of arrest was issued, and upon which he was tried, charged that the defendant at Bakersfield, etc., "did then and there have no visible means of livelihood, and then and there did wander about the streets of the said city of Bakersfield at late and unusual hours of the night." The question presented, therefore, is, Does such a complaint state a public offense? By subdivision 6 of section 647, Penal

Code, one of the definitions of a vagrant is: "Every person who wanders about the streets at late or unusual hours of the night without any visible or lawful business." As we construe this subdivision, the words "visible or lawful business" must be held as referring to the reason why such person is roaming the streets, rather than any business or avocation in life from which support is derived. In other words, the offense is complete under subdivision 6 if, without good or sufficient reason, one roams at late or unusual hours of the night, and he is a vagrant without reference to his means of livelihood or vocation. This affidavit of complaint does not negative the fact that a reason or necessity existed which called him upon the street at a late hour of the night, but merely that he was so roaming, and for aught that appears in the affidavit of complaint, he may have had a legitimate and proper reason for being upon the streets at the time complained of.

We are of opinion that no offense is stated under the purview of this section, and the prisoner should be discharged; and it is so ordered.